**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ISADORE SAMUEL MOORE**                                                               **PLAINTIFF**

**V.**                                            **NO. 4:15-CV-145-DMB-JMV**

**BOLIVAR COUNTY, MISSISSIPPI, and**
**BRENDA COOK**                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is "Brenda Cook's Motion to Dismiss Individual Capacity State Law Claims." Doc. #14. For the reasons that follow, the motion will be denied.

**I**
**Procedural History**

On October 2, 2015, Isadore Samuel Moore filed a complaint in the United States District Court for the Northern District of Mississippi, naming Bolivar County, Mississippi, and "the individual Defendant Brenda Cook" as defendants.[1] Doc. #1. In his complaint, Moore asserts a claim under Title VII of the Civil Rights Act of 1964, "the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981," and a single state law claim for "malicious interference with … employment." *Id.* at ¶ 3. On January 21, 2016, Cook and Bolivar County answered the complaint.[2] Doc. #10; Doc. #11. In her answer, Cook asserts immunity under the Mississippi Tort Claims Act, including under §§ 11-46-7 and 11-46-9. Doc. #11 at 1.

On February 24, 2016, Cook filed a "Motion to Dismiss Individual Capacity State Law Claims" under Federal Rule of Civil Procedure 12(c), asserting privilege and immunity under the

---

[1] Regarding this Court's subject matter jurisdiction, Moore alleges: "This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended in 1991, under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981. This Court has supplemental jurisdiction for a claim against individual Defendant Cook for malicious interference with Plaintiff's employment." Doc. #1 at ¶ 3.

[2] Cook and Bolivar County requested and received an extension to respond to the complaint. Doc. #6.

Mississippi Tort Claims Act. Doc. #14. The same day, Cook filed a "Motion for Stay" under Local Uniform Civil Rule 16(b)(3)(B), citing her immunity defense. Doc. #16. United States Magistrate Judge Jane M. Virden granted the motion the next day, staying proceedings in this action pending the Court's ruling on Cook's Rule 12(c) motion to dismiss. Doc. #17. On March 8, 2016, Moore responded in opposition to Cook's motion, and Cook replied on March 15, 2016. Doc. #18; Doc. #20.

## II
## Rule 12(c) Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a Rule 12(c) motion "is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). On a Rule 12(c) or Rule 12(b)(6) motion:

> the complaint "does not need detailed factual allegations," but it must provide the plaintiff's grounds for entitlement to relief—including factual allegations that, when assumed to be true, "raise a right to relief above the speculative level."

*Taylor v. Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015) (quoting *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015)). "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *see U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 274 & n.7 (5th Cir. 2015) (affirming dismissal of claims under Rule 12(c) where affirmative defense of judicial estoppel appeared on face of

2

pleadings). Under this standard, "a plaintiff seeking to overcome" a defense of immunity to suit "must plead specific facts that … allow the court to draw the reasonable inference that … defeat[s]" the defense. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (regarding qualified immunity); *see Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439, 444–45 (5th Cir. 2015) (citing *Backe*, 691 F.3d at 648) (reversing denial of Rule 12(c) motion, holding because "amended complaint does not adequately allege" defendant acted outside of discretion, discretionary function immunity under Mississippi Tort Claims Act required dismissal).[3]

"As in the context of Rule 12(b)(6), the Court considering a Rule 12(c) motion may consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record." *Sparks v. Tex. Dep't of Transp.*, 144 F.Supp.3d 902, 903 (S.D. Tex. 2015) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

### III
### Relevant Allegations

Moore was employed by "Bolivar County, Mississippi … at its Bolivar County Regional Correctional Facility for three (3) years until he was terminated on October 3, 2014." Doc. #1 at ¶ 4. In his EEOC complaint and his Notice of Claim under the Mississippi Tort Claims Act, both referenced in and attached to his complaint, Moore describes Cook as the "Alcohol and Drug Director."[4] *Id.* at ¶ 12; *id.* at Ex. B, at 1; *id.* at Ex. D, at 1.

---

[3] *See also Hearn v. Bd. of Supervisors of Hinds Cty.*, 575 F. App'x 239, 243 (5th Cir. 2014) ("[T]he district court properly concluded that the complaint failed to allege … employees were acting outside the scope of their employment" for purpose of Mississippi Tort Claims Act); *Roderick v. City of Gulfport*, 144 F.Supp.2d 622, 638 (S.D. Miss. 2000) (looking to complaint under motion-to-dismiss standard for allegations of malice for purpose of individual capacity immunity under Mississippi Tort Claims Act); *Moore v. Carroll Cty.*, 960 F. Supp. 1084, 1091 (N.D. Miss. 1997) (same).

[4] Cook's motion and memorandum brief describe Cook as the "Director of the Drug and Alcohol Program at the Bolivar County Regional Correctional Facility" and Moore as a "drug and alcohol counselor." Doc. #14 at ¶ 7; Doc. #15 at 5. In his EEOC complaint, Moore states he was a "non-security employee." Doc. #1 at Ex. B, at 1.

Relevant to his claims against Cook, Moore alleges that Cook made "repeated sexual overtures" to him, beginning in March of 2012 and continuing "until 2013," by "asking him why he was not married, telling him how attractive he was, and making it plain that she wished to have sex with him." *Id.* at ¶ 5. After Moore declined Cook's overtures, Cook and her assistant, Regina Fair, "gave [Moore] multiple reprimands and gave him a write-ups [sic]." *Id.* at ¶ 6. "The reprimands and write-ups were given in retaliation for [Moore's] failure to engage in sex" with Cook. *Id.* Specifically, "[t]he write-ups made false claims that [Moore] was not keeping up with his files and was not performing necessary paperwork," although Moore's files "were far more complete than a comparable female, Kimberly Spann, who had the same job" as Moore. *Id.* In his Notice of Claim and EEOC complaint, Moore alleges that Spann did not receive similar reprimands or write-ups. *Id.* at Ex. B, at 1; *id.* at Ex. D, at 2.

On October 3, 2014, Moore was terminated, allegedly "because (a) he had refused the sexual overtures made by … Cook and (b) he was the son of a person who refused to assist in providing evidence against another employee."[5] *Id.* at ¶ 9.

## IV
## Tortious Interference with Contract

Moore asserts a state law claim for "malicious interference with employment."[6] Doc. #1 at ¶ 3. Under Mississippi law, "[a]n action for tortious interference with contract ordinarily lies when a party maliciously interferes with a valid and enforceable contract, causing one party not to perform and resulting in injury to the other contracting party." *Hollywood Cemetery Ass'n v. Bd. of Mayor &*

---

[5] Moore does not allege that his father's refusal to assist in providing evidence against another employee is relevant to Cook.

[6] Only Moore's claim for "malicious interference with employment" is the subject of Cook's motion to dismiss. Although Moore alleges in his complaint that Cook's alleged conduct "violates Title VII of the Civil Rights Act of 1964," Doc. #1 at ¶ 10, he also alleges in his complaint that "Defendant Cook is sued only for state law violations, and not for any violations of federal law," *id.* at ¶ 2. Based on the latter statement in the complaint, Cook has moved to dismiss only the state law claim. Doc. #14 at ¶¶ 2, 9; Doc. #15 at 3, 6.

4

*Selectmen of City of McComb City*, 760 So.2d 715, 719 (Miss. 2000). In Mississippi, "a claim for tortious interference with at-will contracts of employment is viable in this state as well." *Levens v. Campbell*, 733 So.2d 753, 760 (Miss. 1999). In Mississippi, the elements of tortious interference with contract are:

> (1) that the acts were intentional and willful;
> (2) that they were calculated to cause damage to the plaintiffs in their lawful business;
> (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and
> (4) that actual damage and loss resulted.

*Hollywood Cemetery*, 760 So.2d at 719 (quoting *Par Indus., Inc. v. Target Container Co.*, 708 So.2d 44, 48 (Miss. 1998)). "In this context, 'malicious' is defined as the intentional doing of a harmful act without legal or sound justification or excuse, in other words, the willful violation of a known right." *Springer v. Ausbern Const. Co.*, No. 2014-CA-01190-COA, 2016 WL 4083981, at *6 (Miss. Ct. App. Aug. 2, 2016) (quoting *Collins v. Collins*, 625 So.2d 786, 790 (Miss. 1993)).

Cook seeks dismissal of Moore's state law claim for tortious interference on three bases: (1) immunity from personal liability under the Mississippi Tort Claims Act extended to the employees of a governmental entity acting within the "course and scope of their employment;" (2) immunity "against public employers" for claims "stemming from the exercise or performance or the failure to exercise or perform a discretionary function;" and (3) privilege based on Cook having occupied a "position of responsibility as to the employment of Moore." Doc. #14 at ¶¶ 4, 7–9 (internal citations and quotation marks omitted).[7]

---

[7] Cook's motion centers on her asserted defenses. She does not argue that Moore otherwise fails to state a claim for tortious interference with contract.

### A. Course and Scope of Employment

Cook first argues that she is immune from liability for the conduct Moore alleges because the Mississippi Tort Claims Act "provides that 'no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.'" Doc. #15 at 4–5 (quoting Miss. Code Ann. § 11-46-7). Moore argues in response that, because his allegations "would permit a fact-finder to find Defendant Cook acted with malice," his claims against Cook are not barred by the Mississippi Tort Claims Act. Doc. #19 at 2.

"Mississippi law provides that an activity must be in furtherance of the employer's business to be within the scope and course of employment." *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So.2d 357, 361 (Miss. 2004) (quoting *L.T. ex rel. Hollins v. City of Jackson*, 145 F.Supp.2d 750, 757 (S.D. Miss. 2000)) (considering immunity under Mississippi Tort Claims Act). For the purpose of the Mississippi Tort Claims Act, a "rebuttable presumption" applies to "any act or omission of an employee within the time and at the place of his employment" that such act or omission is "within the course and scope of his employment." Miss. Code Ann. § 11-46-7(7) (2016); *id.* § 11-46-5(3). "For the purposes of [Chapter 46] an employee shall not be considered as acting within the course and scope of his employment … if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." *Id.* § 11-46-7(2).

To the extent a tortious interference with contract claim "requires proof of malice," the Mississippi Tort Claims Act does not bar suit against a governmental employee sued for tortious interference in her individual capacity. *Zumwalt v. Jones City Bd. of Supervisors*, 19 So.3d 672, 688 (Miss. 2009). As mentioned above, the standard of malice applied on a tortious interference claim is "the intentional doing of a harmful act without legal or sound justification or excuse."

Here, Moore pleads particular facts in support of his contention that Cook's reprimands and write-ups were false and motivated by Moore's refusal of sex. Moore alleges that the completeness of his files—allegedly the basis of his reprimands—was "far" greater than that of a comparable co-worker, who received no similar reprimands. And, Moore alleges that the reprimands and write-ups occurred only *after* he refused to have sex with Cook. Put differently, Moore alleges that Cook intentionally performed a harmful act (issuing reprimands and write-ups) without legal or sound justification. Further, by alleging that Cook was motivated by his refusal of sex, Moore alleges that Cook acted "for personal reasons" and not "in furtherance of [her] employer's interests." *See, e.g., Cockrell*, 865 So.2d at 362 (police officer's attempt to kiss arrestee at police station outside scope of employment for purpose of Mississippi Tort Claims Act.).

Based on these allegations, when assumed to be true, Moore, for the purpose of the Mississippi Tort Claims Act, plausibly alleges malice sufficient to rebut the presumption that Cook acted within the course and scope of her employment. *See, e.g., Lofton v. City of W. Point*, No. 1:10-CV-282, 2012 WL 1135862, at *13 (N.D. Miss. Apr. 4, 2012) (considering malice element and denying summary judgment on claim for tortious interference with contract based in part on allegation defendant "advised [plaintiff] that he would be terminated" after plaintiff "turned off [defendant's] electricity due to delinquent payment"). Consequently, Cook's asserted defense of acts within the course and scope of employment under the Mississippi Tort Claims Act does not defeat Moore's claim at this stage.

### B. Discretionary Function

Cook next argues she is immune from liability for her alleged conduct because the Mississippi Tort Claims Act "bars claims against public employers stemming from 'the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a

governmental entity or employee thereof.'" Doc. #15 at 5 (citing Miss. Code Ann. § 11-46-9(1)(d)). Discretionary function immunity applies to a governmental entity's "employees acting within the course and scope of their employment or duties." Miss. Code Ann. § 11-46-9(1).

As to whether an employee acts "within the course and scope of their employment or duties" for the purpose of discretionary function immunity, the same standard as in Miss. Code Ann. § 11-46-7(2), discussed above, applies. *Id.* § 11-46-7(2) ("For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment … if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense."). The rebuttable presumption that an employee acts within the scope of her employment discussed above also applies. *Id.* § 11-46-7(7).

As explained above, Moore has alleged sufficient facts from which it may plausibly be inferred that Cook acted with malice. Accordingly, the presumption that Cook's alleged conduct is within the course and scope of her employment is rebutted. As such, Moore has alleged sufficient facts to overcome Cook's assertion of discretionary immunity. *See, e.g.*, *Harris v. Town of Woodville*, 196 So.3d 1121, 1129 (Miss. Ct. App. 2016) ("[Because defendant's] actions fell outside the course and scope of his law-enforcement duties, then resolution of the issue before this Court requires no analysis of ministerial versus discretionary duty.").[8]

---

[8] Cook cites *A.B. ex rel. C.D. v. Stone County School District*, 14 So.3d 794, 799 (Miss. Ct. App. 2009), for the proposition that "Mississippi Courts have long held that the hiring and supervision of employees is a 'discretionary function' for the purposes of exemption under the [Mississippi Tort Claims Act]." Doc. #15 at 5; Doc. #20 at 4. *Stone County* involved a negligence action for "failure to use ordinary care" in which the plaintiff did not dispute the trial court's finding that challenged acts were discretionary. *Stone Cty. Sch. Dist.*, 14 So.3d at 794, 797. The issue in *Stone County* instead was whether § 11-46-9(1)(b) of the Mississippi Tort Claims Act, which required the use of ordinary care "when performing a statutory duty," served to ground the plaintiff's ordinary negligence claims in a school's "duty to provide a safe environment" read into Miss. Code Ann. § 37-9-69. *Id.* at 799. Here, Moore contends that discretionary function immunity does not apply because Cook's acts were outside the scope of her employment. Doc. #19 at 5. *Stone County*, therefore, is not instructive.

## C. Privilege

Finally, Cook argues that her alleged conduct is privileged for the purpose of Moore's tortious interference claim because "one occupying a position of responsibility on behalf of another is privileged, *within the scope of that responsibility and absent bad faith*, to interfere with his principal's contractual relationship with a third person." Doc. #15 at 5 (citing *Shaw v. Burchfield*, 481 So.2d 247, 255 (Miss. 1985)) (emphasis added). *See Morrison v. Miss. Enter. For Tech., Inc.*, 798 So.2d 567, 574 (Miss. Ct. App. 2001) (quoting *Shaw*, 481 So.2d at 255) ("[O]ne occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person.").

Moore may satisfy the "bad faith exception" by showing that Cook "acted with malice"—or, put differently, that she acted "*without right or good cause*." *Vaughan v. Carlock Nissan of Tupelo, Inc.*, 553 F. App'x 438, 444 (5th Cir. 2014) (citing *Morrison*, 798 So.2d at 575) (emphasis in original). This "bad faith exception" is "no more than" the element of malice required by the tort of tortious interference. *Morrison*, 798 So.2d at 575 (citing *Irby v. Citizens Nat'l Bank of Meridian*, 121 So.2d 118, 119 (1960)); *see Springer*, 2016 WL 4083981, at *3 (citing *Morrison*, 798 So.2d at 575). As such, the defense of privilege asserts that the plaintiff fails to establish the element of malice. Where, as here, a plaintiff sues a supervisor for tortious interference, a complaint may proceed if it "alleges that [the supervisor] was acting in the course and scope of his employment *and* in bad faith." *Handy v. U.S. Foods, Inc.*, No. 3:14-CV-854, 2015 WL 1637336, at *2 (S.D. Miss. Apr. 13, 2015) (emphasis in original).

As explained above, under the malice standard governing a claim for tortious interference with contract, Moore plausibly alleges that Cook acted out of malice. Therefore, notwithstanding Cook's assertion that the acts complained of were within the course and scope of her employment for

9

the purpose of the Mississippi Tort Claims Act, Moore has stated a claim for tortious interference with contract that is not barred by the defense of privilege. *See, e.g.*, *Vaughan*, 553 F. App'x at 446 (claim that defendant fired plaintiff in retaliation for "exposing allegedly illegal activities" survives motion to dismiss under bad faith exception).

### D. Summary

In light of Moore's allegations, which at this stage must be taken as true, none of Cook's asserted defenses bar Moore from relief on his tortious interference claim.

## V
## Conclusion

For the reasons above, "Brenda Cook's Motion to Dismiss Individual Capacity State Law Claims" [14] is **DENIED**.

**SO ORDERED**, this 29th day of September, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**